IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | NO: 4:06CR00063 SWW |
| | * | |
| JOHN M. LEGROS | * | |
| | * | |

**ORDER**

Before the Court is Defendant John M. Legros's motion to suppress (docket entry #16). The United States has responded (docket entry #18), and the matter is ready for decision. After careful consideration, and for the reasons that follow, the motion to suppress will be denied.[1]

I.

On October 26, 2005, pursuant to a warrant issued by Jefferson County Juvenile Judge Thomas E. Brown, officers searched LeGros's residence–a trailer located at 4515 Lee Berry Road in Pine Bluff–for items related to the manufacture and sale of methamphetamine. The affidavit supporting the warrant, by Deputy Sheriff Phillip Peckham, includes the following information:

- On May 20, 2002, Pine Bluff police officers received an anonymous telephone call reporting that John M. LeGros was cooking and selling methamphetamine at his residence at 4515 Lee Berry Road. The caller reported heavy traffic with short visits, and stated that LeGros hangs out with Keith Gray and George Young.

---

[1] Defendant LeGros raises no issues of fact in support of his motion, only legal objections. Thus, an evidentiary hearing is not required. *See U.S. v. Losing,* 539 F.2d 1174, 1177 (8th Cir. 1976)(quoting *United States v. Ledesma,* 499 F.2d 36, 39 (9th Cir.), *cert. denied,* 95 S. Ct. 501 (1974)). The United States asserts that an evidentiary hearing is not called for because LeGros has failed to make the showing required under *Franks v. Delaware,* 98 S. Ct. 2674 (1978). Because LeGros does not challenge the veracity of the warrant affidavit at issue in this case, the preliminary showing required for a *Franks* hearing is not applicable.

- On September 30, 2002, Federal Bureau of Investigation agent Boyd Boshears reported that he had received information that John Legros was "cooking meth" at 4515 Lee Berry Road.

- On August 17, 2005, a confidential source reported that one of his employees attempted to repossess a motorcycle at 4515 Lee Berry Road and was overwhelmed by a strong chemical odor at the door of the residence. The employee thought the residents were "cooking meth."

- On October 26, 2005, investigators from the Jefferson County Sheriff's Office were in the area of 4515 Lee Berry Road attempting to locate a stolen four wheeler. The investigators found the four wheeler, and they spoke to Monica Liles who lives in a trailer beside Legros's. Liles stated that Keith Gray and George Young left the four wheeler there that morning, and that she and Mitch Woodruff had been riding it. Liles stated that Woodruff was hiding inside Legros's residence.

- Mitch Woodruff is wanted on drug charges; George Young has been purchasing large amounts of pseudoephedrine products from USA Drugs; and on May 2, 2004, officers seized over 429 grams of pseudoephedrine hydrochloride, 2 grams of methamphetamine, and digital scales from Keith Gray's vehicle.

- Several weeks ago, Deputy Darrell Ray was dispatched to 4515 Lee Berry Road in reference to a child welfare matter. Upon his arrival, Ray reported an unbearable chemical odor coming from the residence. Ray stated that when his marked patrol car pulled into the driveway, people scattered.

The warrant issued by Judge Brown provides for the search of LeGros's trailer at 4515 Lee Berry Road for the following items: all controlled substances; proceeds of the sale of controlled substances; paraphernalia used for the preparation, delivery, storage, consumption, and ingestion of controlled substances; records of controlled substance sales; firearms; police radios and scanners; electronic paging devices; cellular telephones and other items traditionally associated with those persons who consume, deliver, or manufacture controlled substances; stolen items, any article used to facilitate a crime; any pre-cursors utilized in the manufacture of methamphetamine, and any photos or documents showing illegal actions. Docket entry #17, Ex. A.

II.

LeGros moves for the suppression of any evidence seized pursuant to the warrant on the following grounds: (1) Peckham's affidavit failed to establish probable cause; (2) Peckham's affidavit failed to provide Judge Brown a basis for linking the items sought and the place to be searched; and (3) the warrant was over-broad.

Probable cause to issue a search warrant exists if, based on a common-sense consideration of all the surrounding circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Coleman,* 349 F.3d 1077, 1083 (8th Cir.2003). In this case, the affidavit supporting the search warrant contained information that two people had reported a strong chemical odor emanating from Legros's trailer, that officers had received two anonymous tips that LeGros was manufacturing methamphetamine in his trailer,[2] and that individuals suspected of methamphetamine production visited LeGros's trailer. The Court finds that the affidavit provided information sufficient to support a finding of probable cause. See *Kleinholz v. United States,* 339 F.3d 674, 667 (8th Cir.2003)(holding that odor of ether combined with an anonymous tip that the house contained a methamphetamine lab was sufficient to establish probable cause).

Jackson's remaining arguments–that the affidavit failed to link the items sought to the place searched and that the warrant was over-broad–must also fail. Officer Peckham's affidavit, particularly information regarding odors coming from LeGros's trailer, establish a nexus between the contraband and the place to be searched. Additionally, considering the types of items involved in the sale and production of methamphetamine, the Court finds that the warrant

---

[2]The anonymous tipster who called police on May 20, 2002, stated that LeGros "hung out" with Keith Gray and George Young. This information was corroborated by Monica Liles' October 26, 2004 statement that Gray and Young left a four wheeler at 4515 Lee Berry Road.

sufficiently and particularly describes the place to be searched and the items to be seized.

### III.

For the reasons stated, Defendant's motion to suppress (docket entry #16) is DENIED.

IT IS SO ORDERED THIS 4TH DAY OF OCTOBER, 2006.

                                      /s/Susan Webber Wright
                                      UNITED STATES DISTRICT JUDGE

.